UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| HENRY POWERS,<br><br>          Plaintiff,<br><br>     vs.<br><br>AIRBNB, INC., AIRBNB PAYMENTS,<br><br>          Defendants. | CIV. NO. 23-00243 LEK-WRP |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF HENRY POWERS'S COMPLAINT, FILED JUNE 7, 2023: <u>GRANTING DISMISSAL WITHOUT PREJUDICE</u>**

Before the Court is Defendants Airbnb, Inc. and Airbnb Payments' (collectively "Airbnb") Motion to Dismiss Plaintiff Henry Powers's Complaint, Filed June 7, 2023 ("Motion"), filed on August 8, 2023. [Dkt. no. 16.] On August 21, 2023, pro se Plaintiff Henry Powers ("Powers") filed his response to the Motion ("Memorandum in Opposition"). [Dkt. no. 19.] Airbnb filed its reply on September 15, 2023. [Dkt. no. 21.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). Airbnb's Motion is hereby granted in part and without prejudice to filing an amended complaint, and denied in part for the reasons set forth below.

**BACKGROUND**

Powers alleges he owns land in and around a subdivision in the County of Hawai`i where Airbnb operates. Powers primarily asserts a claim for misleading advertising, in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B). See Complaint for a Civil Case, filed 6/7/23 (dkt. no. 1) ("Complaint"), at PageID.3, § II.A; id. at PageID.8, ¶ 10. Powers also appears to be alleging state law claims for trespass and nuisance. See id. at PageID.4, § IV; id. at PageID.7, ¶¶ 5-7.

Powers alleges that "Airbnb's rating structure provides incentive for it's [sic] subcontractors to instruct Airbnb's clients to trespass . . . ." [Id. at PageID.7, ¶ 7.] Powers alleges Airbnb's television advertising and website "giv[e] the appearance their service is something that is legal to do." [Id. at PageID.8, ¶ 10.] Powers alleges Airbnb "promotes to prospective hosts in a false and misleading way," through statements on the Airbnb website like "'[y]ou can host anything anywhere so guests can enjoy everything everywhere'." [Id. at ¶ 11.] Powers alleges Airbnb's television advertising and its website "made possible" illegal conduct, apparently including trespass, noise issues, and violations of the Hawai`i County Code. Id. at ¶ 10; see also id. at PageID.7, ¶¶ 1-2, 5-6. Powers alleges violations of "HCC 25,4,7,9"; "HCC 25, 4,16";

2

"HCC 5,8,22,a"; "HCC 5,3,a,1"; and "HCC 25,4,2,a,2[.]"  [Id. at PageID.7, ¶¶ 1-2.]

Powers alleges the illegal conduct by Airbnb also includes: entering into subcontracts selling services that are illegal under the applicable zoning laws; entering into contracts with members of the public to provide services that violate the applicable laws; and failing to take steps to ensure their contracts comply with the applicable laws.  [Id. at ¶¶ 1-3.]  According to Powers, Airbnb's promotion and engagement in these contracts have led to: "a flood of illegal rentals which have diminished the enjoyability[,] livability, value, and marketability of [his] property" [id. at ¶ 8]; and daily trespassing over his property by Airbnb clients going to the ocean, [id. at ¶ 5].  In addition, Powers contends he has experienced intimidation when he has tried to resolve issues with subcontractors because complaints that he has made with the County of Hawai`i are public information.  [Id. at ¶ 9.]

Powers requests $300,000.00 in damages for his trespassing and nuisance claims, and punitive damages.  [Id. at PageID.4.]

Airbnb seeks dismissal of Powers's Complaint on the grounds that Powers failed to state a claim because he does not allege any wrongful action by Airbnb, and Airbnb is immune from suit under the Federal Communications Decency Act ("CDA"), 47

3

U.S.C. § 230(c)(1).[1]  [Motion, Mem. in Supp. at 4-6.]  Airbnb argues the dismissal should be with prejudice.  [Id. at 7.]

## DISCUSSION

### I. Failure to State a Claim Under the Lanham Act

Airbnb argues Powers does not allege any wrongful acts by Airbnb – Powers failed to allege that Airbnb directed or controlled the nonparties who allegedly committed trespass and nuisance acts.  Although Powers contends Airbnb made possible the alleged wrongdoing through its advertisements, Airbnb argues this is insufficient to state a claim.  [Motion, Mem. in Supp. at 4-5.]  Airbnb is correct.  Powers fails to state a claim for false advertising under the Lanham Act.

The Lanham Act cannot be the basis for Powers's suit. "The Lanham Act creates a cause of action for unfair competition through misleading advertising or labeling.  Though in the end consumers also benefit from the Act's proper enforcement, the cause of action is for competitors, not consumers." POM Wonderful LLC v. Coca-Cola Co., 573 U.S. 102, 107 (2014).  This "private remedy may be invoked only by those who 'allege an injury to a commercial interest in reputation or sales.'" Id. at 108 (quoting Lexmark Int'l, Inc. v. Static Control

---

[1] Although Airbnb cited Fed. R. Civ. P. 12(b)(1), see Motion at 2, the Motion is not construed as a motion based on lack of subject matter jurisdiction because Airbnb's does not present any arguments regarding jurisdiction.

4

Components, Inc., 572 U.S. 118, 132 (2014)).  Powers does not allege he is a competitor to Airbnb, or that he has suffered an "injury to a commercial interest in reputation or sales."  See id.  Therefore, Powers has not alleged a plausible false advertising claim under the Lanham Act and the claim must be dismissed.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (citation and internal quotation marks omitted)).

Because it may be possible for Powers to cure the defects in his Lanham Act claim, the dismissal is without prejudice – in other words, with leave to amend.  See Garity v. APWU Nat'l Lab. Org., 828 F.3d 848, 854 (9th Cir. 2016) ("Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." (quotation marks and citation omitted)).

**II.  Failure to State Plausible Trespass and Nuisance Claims**

Powers's apparent trespass and nuisance claims are based upon a theory that Airbnb is vicariously liable for the conduct of Powers's neighbors who use Airbnb's platform to rent their premises.  However, such claims are not sufficiently alleged because the neighbors' identities and their connection

5

to Airbnb is unclear. Because the allegations regarding the neighbors are insufficient, this Court cannot assess the plausibly of Powers's argument that Airbnb is vicariously liable for the neighbors' conduct. See Iqbal, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citation omitted)).

In particular, Powers has not alleged that any person has agreed to act under Airbnb's control, sufficient to form a principal-agent relationship. "[G]enerally, a principal can only be held vicariously liable for the actions of an agent under the theory of respondeat superior." Hawai`i v. Hoshijo ex rel. White, 102 Hawai`i 307, 319, 76 P.3d 550, 562 (2003) (citation omitted). "'Under the theory of respondeat superior, an employer may be liable for the negligent acts of its employees [or agents] that occur within the scope of their employment[]' or authority." Id. (alterations in Hoshijo) (quoting Wong-Leong v. Hawaiian Indep. Refinery, Inc., 76 Hawai`i 433, 438, 879 P.2d 538, 543 (1994)). "Vicarious liability under the respondeat superior doctrine ordinarily requires some kind of employment relationship or other consensual arrangement under which one person **agrees to act under another's control**." Id. (emphasis in Hoshijo) (citations

6

and quotation marks omitted). No principal-agent relationship between Airbnb and any of Powers's neighbors has been sufficiently alleged.

Further, under Hawai`i law, "[a] trespass occurs when a person intentionally (a) enters land in the possession of the other, or causes a thing or third person to do so, or (b) remains on the land, or (c) fails to remove from the land a thing which he is under a duty to remove." Shayefar v. Kaleleiki, Civ. No. 14-00322 HG-KSC, 2014 WL 5023498, at *5 (D. Hawai`i Oct. 7, 2014) (citation and internal quotation marks omitted). As noted, the Complaint does not adequately allege the identities of Powers's neighbors and their relationships to Airbnb. Further, the Complaint does not adequately allege the relationships between the neighbors and the persons who allegedly trespass onto Powers's property, nor any actions the neighbors took to direct persons to enter Powers's land. The Complaint merely alleges that "Airbnb's rating structure provides incentive[s]" for the neighbors to instruct Airbnb guests to trespass. [Complaint, at PageID.7, ¶ 7.] This is insufficient to state a plausible trespass claim against Airbnb.

Powers also fails to state a plausible nuisance claim. Under Hawai`i law, a nuisance is defined as:

> an activity or condition that actively interferes with an individual's right to use and enjoy land. See Western Sunview Properties, LLC v. Federman,

7

> 338 F. Supp. 2d 1106, 1116 (D. Haw. 2004) (A nuisance "has been defined as 'a nontrespassory invasion of another's interest in the private use and enjoyment of his land.'") (quoting Layton v. Yankee Caithness Joint Venture, 774 F. Supp. 576, 577 (D. Nev. 1991). The "central idea of nuisance is the unreasonable invasion" of a property interest. Lussier v. San Lorenzo Valley Water Dist., 206 Cal. App. 3d 92, 100 (Cal. Ct. App. 1988). A typical example of a nuisance is smoke or fumes that invade an individual's property from another location. E.g., Olden C. LaFarge Corp., 203 F.R.D. 254 (E.D. Mich. 2001). Other common examples include noxious odors and unreasonably loud noise. E.g., Crea v. Crea, 16 P.3d 922 (Id. 2000) (odor from hog farm could be a nuisance); Schild v. Rubin, 232 Cal. App. 3d 755 (Cal. Ct. App. 1991) (excessive and inappropriate noise may constitute nuisance).

Mitchell v. United States, Civ. No. 11-00088 HG-KSC, 2011 WL 4048986, at *7 (D. Hawai`i Sept. 12, 2011).

> One is subject to liability for a private nuisance if, but only if, his conduct is a legal cause of an invasion of another's interest in the private use and enjoyment of land, and the invasion is either
>
> > (a)  intentional and unreasonable, or
> >
> > (b)  unintentional and otherwise actionable under the rules controlling liability for negligent or reckless conduct, or for abnormally dangerous conditions or activities.
>
> Restatement (Second) of Torts § 822 (1979) Westlaw (database updated June 2019) (Restatement of Torts). An invasion is "unreasonable" if, *inter alia*, "the gravity of the harm outweighs the utility of the actor's conduct." Id. § 826.

Lee Ching v. Loo Dung, 145 Hawai`i 99, 115, 446 P.3d 1016, 1032 (Ct. App. 2019).[2]  In addition to the lack of clarity regarding who is committing the alleged nuisance and what their relationship is to Airbnb, the Complaint is devoid of allegations that would allow the Court to assess whether the alleged nuisance - here likely the noise from "the two closest illegal rentals" - is unreasonable.  See Complaint at PageID.7, ¶ 6.  Powers thus fails to allege sufficient facts to state a plausible nuisance claim, and those claims must be dismissed.  The dismissal is without prejudice because it is arguably possible for Powers to cure the defects in his claims by amendment.

**III. Immunity Under the Communications Decency Act**

Airbnb argues it is immune from suit under the CDA. [Motion, Mem. in Supp. at 5.]  Powers argues the Ninth Circuit held in HomeAway.com, Inc. v. City of Santa Monica, 918 F.3d 676 (9th Cir. 2019), that Airbnb does not have immunity under the CDA when it enters into illegal contracts.  [Mem. in Opp. at 1-2.]

"Section 230(c)(1) of the CDA only protects from liability (1) a provider or user of an interactive computer

---

[2] The Intermediate Court of Appeals' decision was reversed by the Hawai`i Supreme Court on other grounds.  148 Hawai`i 416, 477 P.3d 856 (2020).

9

service (2) whom a plaintiff seeks to treat, under a state law cause of action, as a publisher or speaker (3) of information provided by another information content provider." Kimzey v. Yelp! Inc., 836 F.3d 1263, 1268 (9th Cir. 2016) (citation and internal quotation marks omitted).

Powers appears to only be challenging content created by Airbnb itself, not created by other content providers. See Complaint at ¶¶ 7, 10, 11; see also id. at ¶ 13 ("This complaint is . . . about Airbnb's own content . . . ."). Section 230 "immunity applies only if the interactive computer service provider is not also an 'information content provider,' which is defined as someone who is 'responsible, in whole or in part, for the creation or development of' the offending content." Fair Hous. Council of San Fernando Valley v. Roommates.Com, LLC, 521 F.3d 1157, 1162 (9th Cir. 2008) (en banc) (quoting 47 U.S.C. § 230(f)(3)). On the basis of the allegations in the Complaint, it appears that Airbnb is not entitled to immunity under the CDA. To the extent that Airbnb seeks dismissal of the Complaint based on immunity pursuant to the CDA, the Motion is denied.

## IV. Leave to Amend

Powers has been granted leave to amend all of his claims. If he chooses to file an amended complaint, he must do so by **January 2, 2024.** Powers's amended complaint must include all of the claims that he wishes to allege, and all of the

10

allegations that his claims are based upon, even if he previously presented them in the original Complaint.  He cannot incorporate any part of his original Complaint into the amended complaint by merely referring to the original Complaint.

Powers is cautioned that, if he fails to file his amended complaint by **January 2, 2024,** the claims that are dismissed without prejudice in this Order will be dismissed with prejudice – in other words, without leave to amend.  In that circumstance, Powers would have no remaining claims in this case, and this case would be closed.

## CONCLUSION

On the basis of the foregoing, Airbnb's Motion to Dismiss, filed August 8, 2023, is HEREBY GRANTED IN PART AND DENIED IN PART.  The Motion is GRANTED insofar as Power's Complaint is DISMISSED.  The Motion is DENIED insofar as the dismissal is WITHOUT PREJUDICE and insofar as the Court concludes that Airbnb is not entitled to immunity under the Communications Decency Act.

Powers is GRANTED leave to file an amended complaint to cure the defects in his claim that are identified in this Order.  If he chooses to do so, he must file his amended complaint by **January 2, 2024,** and it must comply with the rulings in this Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 31, 2023.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**HENRY POWERS VS. AIRBNB, INC., ET AL; CV 23-00243 LEK-WRP; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF HENRY POWERS'S COMPLAINT, FILED JUNE 7, 2023: GRANTING DISMISS WITHOUT PREJUDICE**