```
                   UNITED STATES DISTRICT COURT

                        DISTRICT OF HAWAII
```

| | |
|---|---|
| HENRY POWERS,<br><br>            Plaintiff,<br><br>    vs.<br><br>AIRBNB, INC., AIRBNB PAYMENTS,<br><br>            Defendants. | CIV. NO. 23-00243 LEK-WRP |

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO DISMISS PLAINTIFF
HENRY POWERS' AMENDED COMPLAINT, FILED JANUARY 2, 2024**

Before the Court is Defendants Airbnb, Inc. and Airbnb Payments' (collectively "Airbnb") Motion to Dismiss Plaintiff Henry Powers' Complaint, Filed January 2, 2024 ("Motion"), filed on January 16, 2024. [Dkt. no. 29.] Pro se Plaintiff Henry Powers ("Powers") filed his opposition on March 25, 2024, and Airbnb filed its reply on April 10, 2024. [Dkt. nos. 37, 40.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). Airbnb's Motion is hereby granted in part and denied in part, for the reasons set forth below. The Motion is granted insofar as Powers's trespass and nuisance claims are dismissed with prejudice, and the Motion is denied insofar as Powers's claim under the Lanham Act is not dismissed.

**BACKGROUND**

Powers filed his Complaint on June 7, 2023. [Dkt. no. 1.] Airbnb moved to dismiss the Complaint on August 8, 2023. [Dkt. no. 16.] This Court dismissed the Complaint, but granted Powers leave to file an amended complaint to cure the defects identified in the order. See Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Plaintiff Henry Powers's Complaint, Filed June 7, 2023: Granting Dismissal Without Prejudice, filed 10/31/23 (dkt. no. 23) ("10/31/23 Order"), at 11.[1] Powers timely filed his Amended Complaint for a Civil Case on January 2, 2024 ("Amended Complaint"). [Dkt. no. 25.]

Powers alleges he owns land in and around a subdivision in the County of Hawai`i where Airbnb operates. [Amended Complaint at PageID.88, ¶ 4.] Powers primarily asserts a claim for misleading advertising, in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B). See id. at PageID.86, § II.A; id. at PageID.89-90, ¶ 10. Powers also appears to allege state law claims for trespass and nuisance. See id. at PageID.85, § IV; id. at PageID.88-89, ¶¶ 5-6.

Powers alleges: "Airbnb's rating structure provides incentive for it's [sic] subcontractors to instruct Airbnb's clients to trespass or allow them to be a nuisance"; [id. at

---

[1] The 10/31/23 Order is also available at 2023.

2

PageID.89, ¶ 7;] the "Superhost" badge Airbnb puts on certain subcontractors' listings "gives these illegal operations an appearance of legitimacy"; [id.;] and Airbnb is the "contributing editor and content provider" of such listings, [id.]. Powers alleges "Airbnb specifically marketed to hosts to provide illegal accommodations knowing that problems would occur," [id. at PageID.90, ¶ 13,] and Airbnb's television advertising and website "giv[e] the appearance their service is something that is legal to do," [id. at PageID.89, ¶ 10]. Powers alleges Airbnb's content, including the Superhost content and content referencing local laws, constitutes false and misleading advertising. [Id. at PageID.90, ¶ 10.]

Powers alleges Airbnb's television advertising and its website "made possible" illegal conduct, apparently including trespass, noise issues, and violations of the Hawai`i County Code. Id. at PageID.89, ¶ 10; see also id. at PageID.88, ¶¶ 1-2, 5-6. Powers alleges violations of "HCC 25,4,7,9"; "HCC 25,4,16"; "HCC 5,8,22,a"; "HCC 5,3,a,1"; and "HCC 25,4,2,a,2[.]" [Id. at PageID.88, ¶¶ 1-2.]

Powers alleges the illegal conduct by Airbnb also includes: entering into agreements with subcontractors selling services that are illegal under the applicable zoning laws; entering into contracts with members of the public to provide services that violate the applicable laws; and failing to take

3

steps to ensure their contracts comply with the applicable laws. [Id. at PageID.88, ¶¶ 1-3.] According to Powers, Airbnb's promotion and engagement in these contracts have led to: "a flood of illegal rentals which have diminished the enjoyability[,] livability, value, and marketability of [his] property"; [id. at PageID.89, ¶ 8;] and daily trespassing over his property by Airbnb clients going to the ocean, [id. at PageID.88, ¶ 5]. Powers identifies the subcontractors who cause the majority of the harm that Powers experiences as referred to on Airbnb's website as the Lava Lookout, the Phoenix House, the Ohana House, and the Open Gate Hostel, while other subcontractors remain unidentified. [Id. at PageID.88, ¶ 1.] Powers alleges the subcontractors are hosts, the hosts are employed by Airbnb and are acting under Airbnb's control, and therefore respondeat superior applies. [Id. at PageID.89, ¶ 7.] In addition, Powers contends he has experienced intimidation when he has tried to resolve issues with subcontractors because complaints that he has made with the County of Hawai`i are public information. [Id. at PageID.89, ¶ 9.]

      Powers requests $300,000.00 in damages for his trespassing and nuisance claims, and punitive damages. [Id. at PageID.85, § IV.]

      Airbnb argues Powers's Amended Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6)

4

on the grounds that: the Amended Complaint does not state a plausible trespass claim or nuisance claim; the Amended Complaint does not sufficiently plead Airbnb is liable for the acts of third parties; and Airbnb is immune from suit under the Federal Communications Decency Act ("CDA"), Title 47 United States Code Section 230(c)(1).[2] [Motion, Mem. in Supp. at 4-8.] Airbnb argues the dismissal should be with prejudice. [Id. at 9.] Airbnb does not address Powers's claim under the Lanham Act in its Motion.

## DISCUSSION

### I. Failure to State Plausible Trespass and Nuisance Claims

Powers's trespass and nuisance claims in the Amended Complaint are based upon a theory that Airbnb is vicariously liable for the conduct of individuals who use Airbnb's platform to rent their premises near Powers's property ("subcontractors"), and in turn, direct individuals to cross Powers's property and/or allow those individuals to create noise. In the 10/31/23 Order, this Court ruled that Powers did not sufficiently allege a principal-agent relationship whereby Airbnb could be held liable for trespassing or nuisance claims.

---

[2] Although Airbnb cites Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), see Motion at 2, the Motion is not construed as a motion based on lack of subject matter jurisdiction because Airbnb's memorandum in support of the Motion does not present any arguments regarding jurisdiction.

In particular, the subcontractors' identities and connection to Airbnb were unclear. [10/31/23 Order at 5-7.] The Amended Complaint suffers from the same defects.

Powers has not sufficiently alleged a principal-agent relationship between the subcontractors and Airbnb. "[G]enerally, a principal can only be held vicariously liable for the actions of an agent under the theory of respondeat superior." Hawai`i v. Hoshijo ex rel. White, 102 Hawai`i 307, 319, 76 P.3d 550, 562 (2003) (citation omitted). "'Under the theory of respondeat superior, an employer may be liable for the negligent acts of its employees [or agents] that occur within the scope of their employment[]' or authority." Id. at 319, 76 P.3d at 562 (alterations in Hoshijo) (quoting Wong-Leong v. Hawaiian Indep. Refinery, Inc., 76 Hawai`i 433, 438, 879 P.2d 538, 543 (1994)). "Vicarious liability under the respondeat superior doctrine ordinarily requires some kind of employment relationship or other consensual arrangement under which one person **agrees to act under another's control**." Id. at 319, 76 P.3d at 562 (emphasis in Hoshijo) (citations and quotation marks omitted). Powers does not sufficiently allege the identity of an agent subject to Airbnb's control. Although Powers identifies some of the Airbnb rental listing names, [Amended Complaint at PageID.88, ¶ 1,] this does not sufficiently identify a particular individual or individuals who are acting as an agent

6

or agents of Airbnb. Further, Powers's allegations that the subcontractors are under Airbnb's control and are employed by Airbnb are conclusory. See id. at PageID.89, ¶ 7. Powers fails to plead sufficient factual matter that, when accepted as true, establishes that a particular individual agreed to act under Airbnb's control. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (citation and internal quotation marks omitted)). Because the allegations regarding the subcontractors are insufficient, this Court cannot assess the plausibility of Powers's argument that Airbnb is vicariously liable for the subcontractors' conduct. See id. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citation omitted)).

Under Hawai`i law, "[a] trespass occurs when a person intentionally (a) enters land in the possession of the other, or causes a thing or third person to do so, or (b) remains on the land, or (c) fails to remove from the land a thing which he is under a duty to remove." Shayefar v. Kaleleiki, Civ. No. 14-00322 HG-KSC, 2014 WL 5023498, at *5 (D. Hawai`i Oct. 7, 2014) (citation and internal quotation marks omitted). Similar to the

7

trespass claim in the original Complaint, the Amended Complaint does not adequately allege the identities of the subcontractors and their relationship to Airbnb. See 10/31/23 Order at 7. Further, the Amended Complaint does not adequately allege the relationship between the subcontractors and the persons who allegedly trespass onto Powers's property. See Amended Complaint at PageID.88, ¶¶ 1, 6. Powers also fails to plead any factual matter demonstrating that the alleged directing of other persons to trespass occurred within the scope of an Airbnb agent's employment or authority. See id.; Hoshijo, 102 Hawai`i at 319, 76 P.3d at 562. The allegations of the Amended Complaint are therefore insufficient to state a plausible trespass claim against Airbnb.

Powers likewise fails to state a plausible nuisance claim. Under Hawai`i law, a nuisance is defined as:

> an activity or condition that actively interferes with an individual's right to use and enjoy land. See Western Sunview Properties, LLC v. Federman, 338 F. Supp. 2d 1106, 1116 (D. Haw. 2004) (A nuisance "has been defined as 'a nontrespassory invasion of another's interest in the private use and enjoyment of his land.'") (quoting Layton v. Yankee Caithness Joint Venture, 774 F. Supp. 576, 577 (D. Nev. 1991). The "central idea of nuisance is the unreasonable invasion" of a property interest. Lussier v. San Lorenzo Valley Water Dist., 206 Cal. App. 3d 92, 100 (Cal. Ct. App. 1988). A typical example of a nuisance is smoke or fumes that invade an individual's property from another location. E.g., Olden C. LaFarge Corp., 203 F.R.D. 254 (E.D. Mich. 2001). Other common examples include noxious odors and

8

>       unreasonably loud noise. E.g., Crea v. Crea, 16
>       P.3d 922 (Id. 2000) (odor from hog farm could be
>       a nuisance); Schild v. Rubin, 232 Cal. App. 3d
>       755 (Cal. Ct. App. 1991) (excessive and
>       inappropriate noise may constitute nuisance).

Mitchell v. United States, Civ. No. 11-00088 HG-KSC, 2011 WL 4048986, at *7 (D. Hawai`i Sept. 12, 2011).

>       One is subject to liability for a private
>       nuisance if, but only if, his conduct is a
>       legal cause of an invasion of another's
>       interest in the private use and enjoyment of
>       land, and the invasion is either
>
>           (a)   intentional and unreasonable, or
>
>           (b)   unintentional and otherwise
>           actionable under the rules controlling
>           liability for negligent or reckless
>           conduct, or for abnormally dangerous
>           conditions or activities.
>
>   Restatement (Second) of Torts § 822 (1979)
>   Westlaw (database updated June 2019) (Restatement
>   of Torts). An invasion is "unreasonable" if,
>   *inter alia*, "the gravity of the harm outweighs
>   the utility of the actor's conduct." Id. § 826.

Lee Ching v. Loo Dung, 145 Hawai`i 99, 115, 446 P.3d 1016, 1032 (Ct. App. 2019).[3] In addition to the lack of clarity regarding who is committing the alleged nuisance and what their relationship is to Airbnb, Powers fails to plead any factual matter demonstrating that the alleged noise emanating from the subcontractors' houses occurred within the scope of an Airbnb

---

[3] The Intermediate Court of Appeals' decision was reversed by the Hawai`i Supreme Court on other grounds. 148 Hawai`i 416, 477 P.3d 856 (2020).

9

agent's employment or authority. See Hoshijo, 102 Hawai`i at 319, 76 P.3d at 562; Amended Complaint at PageID.88-89, ¶¶ 6-7.

Powers thus fails to allege sufficient facts to state plausible trespass and nuisance claims, and these claims must be dismissed. Because Powers has been afforded an opportunity to amend his complaint, and amendment has not cured the defects in his trespass and nuisance claims, it is clear that further amendment would be futile. See Hoang v. Bank of Am., N.A., 910 F.3d 1096, 1102 (9th Cir. 2018) ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." (citation and quotation marks omitted)). Dismissal of the nuisance and trespass claims is therefore with prejudice.

**II.  Immunity under the Communications Decency Act**

Airbnb argues it is immune from suit under the CDA to the extent that Powers seeks to hold Airbnb liable because third parties list their property on Airbnb's online marketplace. [Motion, Mem. in Supp. at 7-8.]

Under the CDA, "[n]o provider or user of an interactive computer service[4] shall be treated as the publisher

---

[4] The CDA defines an interactive computer service as: "[A]ny information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet and such systems operated or
                                                    (. . . continued)

10

or speaker of any information provided by another information content provider."[5] 47 U.S.C. § 230(c)(1). "[I]n general, Section 230(c)(1) 'protects websites from liability [under state or local law] for material posted on the[ir] website[s] by someone else.'" Dyroff v. Ultimate Software Grp., Inc., 934 F.3d 1093, 1097 (9th Cir. 2019) (some brackets in Dyroff) (some citations omitted) (quoting Doe v. Internet Brands, Inc., 824 F.3d 846, 850 (9th Cir. 2016)). Section 230 immunity "applies only if the interactive computer service provider is not also an information content provider." Fair Hous. Council of San Fernando Valley v. Roommates.Com, LLC, 521 F.3d 1157, 1162 (9th Cir. 2008) (en banc) (internal quotation marks omitted). Courts use a three-prong test to determine if immunity exists under the CDA. "Section 230(c)(1) of the CDA only protects from liability (1) a provider or user of an interactive computer service (2) whom a plaintiff seeks to treat, under a state law cause of action, as a publisher or speaker (3) of information provided by another information content provider." Kimzey v. Yelp! Inc., 836 F.3d 1263, 1268 (9th Cir. 2016) (citation and internal quotation

---

services offered by libraries or educational institutions." 47 U.S.C. § 230(f)(2).

[5] The CDA defines an information content providers as: "[A]ny person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service." 47 U.S.C. § 230(f)(3).

11

marks omitted). In light of this Court's dismissal with prejudice of the trespass and nuisance claims, the Court declines to determine if Airbnb is immunized from those claims by the CDA.

The CDA, however, does not immunize Airbnb from content that Airbnb creates itself. See Barnes v. Yahoo!, Inc., 570 F.3d 1096, 1108 (9th Cir. 2009), *as amended* (Sept. 28, 2009). The thrust of Powers's Amended Complaint challenges content created by Airbnb itself, not content created by a third party. See Amended Complaint at PageID.89-90, ¶¶ 7, 10, 11; see also id. at PageID.90, ¶ 12 ("This complaint is not about 3rd party content . . . but rather about Airbnb's own content . . . ."). To the extent that Powers brings a claim under the Lanham Act for false and misleading advertising regarding Airbnb's "own content," [id. at PageID.90, ¶ 12,] such a claim is not barred by the CDA.

### III. Claim Under the Lanham Act

In its Motion, Airbnb does not address Powers's claim of misleading advertising under the Lanham Act. Airbnb only addresses this claim in its reply. See Reply at 2-4. Because Airbnb raised the argument for the first time in the reply brief, the Court will not consider this argument. See Local Rule LR7.2 ("Any argument raised for the first time in the reply

12

shall be disregarded."). Thus, Powers's Lanham Act claim against Airbnb remains.

## CONCLUSION

On the basis of the foregoing, Airbnb's January 16, 2024 Motion to Dismiss Plaintiff Henry Powers' Amended Complaint, Filed January 2, 2024 is HEREBY GRANTED IN PART AND DENIED IN PART. The Motion is GRANTED insofar as Powers's nuisance and trespass claims are DISMISSED WITH PREJUDICE. The Motion is DENIED as to Powers's claim under the Lanham Act. Airbnb is ORDERED to file its answer to the portion of Powers's Amended Complaint alleging a Lanham Act claim by **May 14, 2024.**

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, April 30, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**HENRY POWERS VS. AIRBNB, INC., ET AL; CV 23-00243 LEK-WRP; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF HENRY POWERS' AMENDED COMPLAINT, FILED JANUARY 2, 2024**