UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| HENRY POWERS, | CIV. NO. 23-00243 LEK-WRP |
| Plaintiff, | |
| vs. | |
| AIRBNB, INC.,  AIRBNB PAYMENTS, | |
| Defendants. | |

## ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

Before the Court is Defendants Airbnb, Inc. and Airbnb Payments' (collectively "Airbnb") Motion for Judgment on the Pleadings, filed June 7, 2024 ("Motion"). [Dkt. no. 47.] Pro se Plaintiff Henry Powers ("Powers") did not file a memorandum in opposition. Airbnb filed its reply on July 5, 2024. [Dkt. no. 50.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). Airbnb's Motion is hereby granted.

## BACKGROUND

The operative complaint is the Amended Complaint for a Civil Case, filed on January 2, 2024 ("Amended Complaint"). [Dkt. no. 25.] Powers's sole remaining claim is the claim for misleading advertising, in violation of the Lanham Act, Title 15

United States Code Section 1125(a)(1)(B). <u>See</u> <u>id.</u> at PageID.86, § II.A; <u>id.</u> at PageID.89-90, ¶ 10; Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Plaintiff Henry Powers' Amended Complaint, Filed January 2, 2024, filed 4/30/24 (dkt. no. 43) ("4/30 Order"), at 13.[1]

Powers alleges he owns land in and around a subdivision in the County of Hawai`i where Airbnb operates. [Amended Complaint at PageID.88, ¶ 4.] Powers alleges: "Airbnb's rating structure provides incentive for it's [sic] subcontractors to instruct Airbnb's clients to trespass or allow them to be a nuisance"; [<u>id.</u> at PageID.89, ¶ 7;] the "Superhost" badge Airbnb puts on certain subcontractors' listings "gives these illegal operations an appearance of legitimacy"; [<u>id.</u>;] and "Airbnb is a contributing editor and content provider" of such listings, [<u>id.</u>]. Powers alleges "Airbnb specifically marketed to hosts to provide illegal accommodations knowing that problems would occur," [<u>id.</u> at PageID.90, ¶ 13,] and Airbnb's television advertising and website "giv[e] the appearance their service is something that is legal to do," [<u>id.</u> at PageID.89, ¶ 10]. Powers alleges Airbnb's content, including the Superhost content and content referencing local laws, constitutes false and misleading advertising. [<u>Id.</u> at PageID.90, ¶ 10.]

---

[1] The 4/30 Order is also available at 2024 WL 1885727.

Powers alleges the illegal conduct by Airbnb also includes: entering into agreements with subcontractors selling services that are illegal under the applicable zoning laws; entering into contracts with members of the public to provide services that violate the applicable laws; and failing to take steps to ensure their contracts comply with the applicable laws. [Id. at PageID.88, ¶¶ 1-3.] According to Powers, Airbnb's promotion of and engagement in these contracts have led to: "a flood of illegal rentals which have diminished the enjoyability[,] livability, value, and marketability of [his] property"; [id. at PageID.89, ¶ 8;] and daily trespassing over his property by Airbnb clients going to the ocean, [id. at PageID.88, ¶ 5]. Powers alleges the subcontractors are hosts, the hosts are employed by Airbnb and are acting under Airbnb's control, and therefore respondeat superior liability applies. [Id. at PageID.89, ¶ 7.] Powers requests punitive damages. [Id. at PageID.85, § IV.][2]

Airbnb argues judgment should be entered in Airbnb's favor on the sole remaining Lanham Act claim pursuant to Federal Rule of Civil Procedure 12(c) because Powers does not and cannot

---

[2] Powers also seeks compensatory damages for claims that the Court has previously dismissed. See Amended Complaint at PageID.85, § IV; 4/30 Order at 4, 13.

plead that he is a competitor of Airbnb. [Motion, Mem. in Supp. at 4.]

## **DISCUSSION**

Airbnb argues the Amended Complaint does not allege Powers competes with Airbnb's online marketplace. [Id. at 5.]

"The Lanham Act creates a cause of action for unfair competition through misleading advertising or labeling. Though in the end consumers also benefit from the Act's proper enforcement, the cause of action is for competitors, not consumers." POM Wonderful LLC v. Coca-Cola Co., 573 U.S. 102, 107 (2014). This "private remedy may be invoked only by those who 'allege an injury to a commercial interest in reputation or sales.'" Id. at 108 (quoting Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118, 132 (2014)). "[W]hen [a] plaintiff competes directly with [a] defendant, a misrepresentation will give rise to a presumed commercial injury that is sufficient to establish standing." ThermoLife Int'l, LLC v. BPI Sports, LLC, No. 21-15339, 2022 WL 612669, at *2 (9th Cir. Mar. 2, 2022) (some alterations in original) (citation and internal quotation marks omitted). "[W]hen the parties are not direct competitors, a plaintiff must plead a competitive injury with sufficient particularity to survive a motion to dismiss." ThermoLife Int'l LLC v. BPI Sports LLC, No. CV-18-04663-PHX-SPL,

2019 WL 6135140, at *2 (D. Ariz. Nov. 19, 2019) (citation omitted).

Even liberally construing the Amended Complaint, Powers does not allege that he has suffered "an injury to a commercial interest in reputation or sales." See POM Wonderful, 573 U.S. at 108. Powers alleges his property "has lost competitive value and market value he would have otherwise had." [Amended Complaint at PageID.89, ¶ 8.] Powers alleges his "property is zoned for use as a campground," but that the "property could not . . . be economically viable as a campground due to the amount of inexpensive illegal rentals that Airbnb supports in the area." [Id.] Here, Powers does not allege he is in an industry that competes with Airbnb. Powers has not alleged any harm to reputation, or to sales. Powers does not allege he conducts sales, or runs a business of any kind. Instead, Powers implies he is **not** conducting a business. See id. Because Powers fails to allege he has engaged in commercial activity of any kind, Powers fails to allege commercial injury under the Lanham Act. See, e.g., Altair Instruments, Inc. v. Telebrands Corp., Case No. 2:19-cv-08967-SJO-JC, 2020 WL 1942320, at *5-6 (C.D. Cal. Mar. 31, 2020) (dismissing a Lanham Act claim where the parties were not direct competitors and the defendants/counter claimants could not "allege injury from a direct diversion of sales" and did not allege "facts sufficient to show lessening of

goodwill which its products enjoy with the buying public"
(citing Lexmark Int'l, 572 U.S. at 138)). Therefore, taking the
allegations in the pleading as true, Airbnb is entitled to
judgment as a matter of law on Powers's Lanham Act claim. See
Knappenberger v. City of Phoenix, 566 F.3d 936, 939 (9th Cir.
2009).

Because Powers has been afforded an opportunity to
amend his complaint, and amendment has not cured the defects in
his Lanham Act claim, it is clear that further amendment would
be futile. Therefore, judgment will be entered in favor of
Airbnb with prejudice as to Powers's Lanham Act claim. See Hoang
v. Bank of Am., N.A., 910 F.3d 1096, 1102 (9th Cir. 2018)
("Dismissal with prejudice and without leave to amend is not
appropriate unless it is clear . . . that the complaint could
not be saved by amendment." (citation and quotation marks
omitted)).

<u>**CONCLUSION**</u>

On the basis of the foregoing, Airbnb's Motion for
Judgment on the Pleadings, filed June 7, 2024, is HEREBY
GRANTED. There being no remaining claims in this case, the
Clerk's Office is DIRECTED to enter judgment in favor of Airbnb
on **September 16, 2024.**

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 30, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**HENRY POWERS VS. AIRBNB, INC., ET AL**; CV 23-00243 LEK-WRP; ORDER
GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS